OPINION OF THE COURT
Allan Dixon, J.
By an order of filiation of this court, dated April 13, 1978, respondent, Gary Anderson, was adjudicated to be the father of a child named Dannielle Marie Barnard born out of wedlock to Kittie Marie Barnard. The order of filiation was entered after court hearings at which testimony was taken on March 30, 1978, and April 13, 1978. The petition upon which this proceeding was based was brought by John R. Beaudoin, as Commissioner of Social Services of the County of Rensselaer, State of New York. It is important to recount the facts which lead up to this decision, as the question raised at this time is whether the Rensselaer County Family Court had sufficient personal jurisdiction over the respondent to allow said court to enter the order of filiation.
In order for a court to exercise personal jurisdiction over a party, the court must not only give “notice” and an opportunity to be heard to a party, but also have a “basis” upon which jurisdiction can rest. (Siegel, New York Practice, § 58.) In this case, the respondent clearly had “notice”. He was served with the summons and petition in Florida by the Broward County Sheriff’s Department. What is *754 attacked now by counsel for the respondent is the “basis” aspect of personal jurisdiction.
Counsel for the respondent relies upon International Shoe Co. v Washington (326 US 310, 319) and argues that in order for a jurisdictional basis to exist the claims sued on must “arise out of or are connected with activities within the state”. In the instant case, it is argued that since the evidence shows that the child, who is the subject of this action, was conceived and born in Florida, there are no acts upon which a jurisdictional basis can rest.
Counsel for the Commissioner of Social Services, on the other hand, argues a jurisdictional basis exists, rooted in public policy. Succinctly, the argument states that where a child is a public charge, the taxpayers’ interest in seeing that the child is supported by its father provides sufficient contacts for personal jurisdiction over an out-of-State respondent.
The court is of course sympathetic with the position of the Commissioner of Social Services. This court has been extremely active in the pursuit of legally responsible relatives to establish support orders and lessen the load on the taxpayers’ purse. The court also recognizes that paternity statutes should be liberally construed for the protection of /the out-of-wedlock child. (Matter of Commissioner of Social Servs. of City of N. Y. v Oliver P., 97 Misc 2d 957.) This court does not lightly “bastardize” a child unless there are strong and weighty arguments to so do.
This is such an instance. The due process requirements of the United States Constitution make it necessary for this court to reconsider its decision and vacate the order of filiation, a course somewhat similar to that one taken by Judge Turret in Matter of Anonymous v Anonymous (104 Misc 2d 611). Absent any other “contacts” with New York State, the mere presence of a child born out of wedlock as a result of a liaison which occurred in another State is insufficient to form a basis upon which personal jurisdiction can rest. The Family Court Act specifically provides in section 165 that the provisions of the CPLR “shall apply to the extent that they are appropriate to the proceedings involved”. This of course includes the substantive interpretations of jurisdiction;
*755 “Long arm” jurisdiction is a product of legislation designed to comply with the concept of due process as contained in International Shoe Co. The specific provisions of the CPLR concerning “long arm” jurisdiction more than adequately define those acts which will render someone subject to the personal jurisdiction of New York courts. None of the conditions so defined appear in this case.
Based upon the above, the order of filiation herein is hereby vacated without prejudice and, the order of support established in the Uniform Support of Dependents Law proceeding based upon said order of filiation is also vacated. The Rensselaer County Department of Social Services is directed to compute the amount of payments made by the respondent and pay the respondent said sum.