THE STATE, EX REL. STONE, APPELLEE, *v.*
COURT OF COMMON PLEAS OF CUYAHOGA COUNTY,
JUVENILE DIVISION, ET AL., APPELLANTS.

[Cite as State, ex rel. Stone, *v.* Court (1984), 14 Ohio St. 3d 32.]

(No. 84-79—Decided November 21, 1984.)

*Mr. Russell S. Bensing, Messrs. Koblentz & Koblentz* and *Mr. Richard S. Koblentz,* for appellee.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Richard A. Wise,* for appellants.

*Per Curiam.* Appellants' assertion of personal jurisdiction over the appellee is based on their application of the Ohio long-arm statute, R.C. 2307.382. Subdivision (A)(6) thereof permits a court to exercise personal jurisdiction over a person as to a cause of action arising from that person's "[c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Alternatively, appellants contend that any alleged lack of personal jurisdiction was not patent and unambiguous so as to support issuance of a writ of prohibition.

Appellants' application of R.C. 2307.382(A)(6) is founded on the alleged tortious failure of appellee to support his illegitimate child. Appellants seek to have this court adopt the reasoning in *Poindexter* v. *Willis* (1967), 87 Ill. App. 2d 213, 231 N.E. 2d 1, which judgment was given full faith and credit in *Poindexter* v. *Willis* (1970), 23 Ohio Misc. 199 [51 O.O.2d 157]. Appellants note that other jurisdictions have reached comparable holdings which in essence state that failure to support an illegitimate child constitutes a tortious act, and under statutes similar to Ohio's, have extended personal jurisdiction to nonresident defendants if the Due Process Clause has been otherwise satisfied. See *Bell* v. *Tuffnell* (Fla. App. 1982), 418 So. 2d 422; *Black* v. *Rasile* (1980), 113 Mich. App. 601, 318 N.W. 2d 475; and *State, ex rel. Nelson,* v. *Nelson* (1974), 298 Minn. 438, 216 N.W. 2d 140.

We reject the reasoning and holding of the Illinois court in *Poindexter, supra.* The underlying action herein seeks a determination of paternity, and, without a determination favorable to the child's mother who, as an Ohio and Cuyahoga County resident, brought such action, there can be no support order against the alleged father and hence no "* * * tortious injury in this state to any person by an act outside this state * * *," as required by R.C. 2307.382(B). Thus tortious injury, *i.e.,* failure to support, is ancillary to the determination of a duty of support by reason of paternity. See *Lightell* v. *Lightell* (Ala. Civ. App. 1981), 394 So. 2d 41; *State, ex rel. Larimore,* v. *Snyder* (1980), 206 Neb. 64, 291 N.W. 2d 241; *Beaudoin* v.

*Anderson* (1981), 109 Misc. 2d 753, 441 N.Y.Supp. 2d 37. Our determination herein also negates appellants' contention that want of personal jurisdiction is not patent and unambiguous.

In addition to our unwillingness to apply "tortious injury" under R.C. 2307.382(A)(6) to a non-resident putative father for the purpose of extending long-arm personal jurisdiction, we find that the requirements of due process *are* pertinent and significant herein. In *Poindexter,* it was alleged, and the facts revealed, that conception of the subject child took place in Illinois (the state in which jurisdiction was sought). Here, appellee's allegation of birth and conception of the subject child in a state other than Ohio is conceded by the child's mother who brought the paternity action. Under R.C. 3111.06(B), sexual intercourse in this state expressly constitutes a submission to jurisdiction. That fact, as an activity attuned to satisfy due process requirements, is not present here.

In *Kulko* v. *Superior Court of California* (1978), 436 U.S. 84, 92, the United States Supreme Court stated that "an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State." We hold that it is not reasonable and fair for appellee to conduct his defense in this state under the circumstances herein.

For reason of the foregoing the judgment of the court of appeals allowing the writ of prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.