MASSEY–NORTON et al., Appellants,

v.

TRAMMEL, Appellee.

[Cite as *Massey–Norton v. Trammel* (1989), 61 Ohio App.3d 394.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–1093.

Decided April 11, 1989.

*Anna L. Bates*, for appellants.

*Michael T. Gunner*, for appellee.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dismissing plaintiffs' paternity action brought against defendant-appellee, John C. Trammel ("defendant"). The dismissal was based upon the trial court's conclusion that it lacked personal jurisdiction over defendant, a resident of Florida.

Defendant filed a motion to dismiss based upon a lack of personal jurisdiction on July 7, 1988. On October 5, 1988, an oral hearing was held upon defendant's motion to dismiss. Defendant testified by deposition. Plaintiff Debra Massey–Norton testified in person. The court sustained defendant's motion to dismiss in a decision rendered October 12, 1988, and a judgment entry was entered the same day.

Plaintiffs appeal and include the following two assignments of error:

"I. The trial court erred in dismissing the case at bar for lack of jurisdiction. The conduct of the defendant-appellee within the state of Ohio creates

sufficient minimum contact with the state of Ohio to create personal jurisdiction over him.

"II. The trial court erred in dismissing the case at bar for lack of jurisdiction. The conduct of the defendant-appellee within the state of Ohio constitutes a tortious act or injury sufficient to create personal jurisdiction over him."

The assignments of error are interrelated and raise the single issue as to whether the trial court erred in dismissing the paternity action for lack of personal jurisdiction over defendant.

Plaintiffs contend that defendant had sufficient minimum contacts with the state of Ohio because of the generally agreed-upon facts that defendant transported plaintiff Debra Massey–Norton from Florida to Ohio where she gave birth; that prior to the birth, defendant sent payments to her to help defray the prenatal expenses; that he sent cards, letters and gifts to her and the minor child; that he made trips to visit the child; and that he regularly sent support payments to her in Ohio.

■ Such contacts are not dispositive since long-arm jurisdiction exists over a nonresident only where one of the specified circumstances found in Civ.R. 4.3(A) or R.C. 2307.382(A) has been fulfilled, *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR 309, 456 N.E.2d 1309. R.C. 3111.06(B) also provides for additional long-arm personal jurisdiction where the act of sexual intercourse, which resulted in the conception of the child, occurred in Ohio.

■ Plaintiffs assert long-arm jurisdiction over defendant pursuant to Ohio's long-arm statutes and Civ.R. 4.3(A)(1) and (A)(3). Plaintiffs rely upon the case of *Yarnick v. Stegkamper* (Mar. 6, 1985), Lawrence App. No. 1707, unreported, 1985 WL 6574, for the proposition that defendant transacted "business" in the state of Ohio and thereby satisfies Civ.R. 4.3(A)(1). In the factually similar case of *Baker v. Baker* (Jan. 19, 1989), Franklin App. No. 88AP–361, unreported, 1989 WL 3753, this court expressly rejected the reasoning in *Yarnick*, and stated at 4 that:

" * * * The term 'business,' even if given its most liberal construction, cannot be construed to include defendant's conduct in light of the provisions of Civ.R. 4.3(A)(8). That section specifically provides for the type of conduct at issue in this case. However, because there is no allegation that defendant lived in a marital relationship with plaintiff in this state, plaintiff cannot avail herself of subsection (8)."

Similarly, in this case, defendant's conduct cannot be characterized as transacting business within this state as contemplated by Civ.R. 4.3(A)(1), nor

is Civ.R. 4.3(A)(8) applicable, since there is no allegation that plaintiff Debra Massey–Norton has ever lived in a marital relationship with defendant in this state. Nor does this court find that defendant's conduct brings him within the purview of Civ.R. 4.3(A)(3). See *State, ex rel. Stone, v. Court* (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899; *Baker, supra,* at 4–5. Furthermore, it is undisputed that conception took place outside Ohio and, hence, plaintiff Debra Massey–Norton cannot avail herself of R.C. 3111.06(B).

Thus, since defendant's conduct in or contacts with this state do not fall within any of the sections set forth in Civ.R. 4.3, R.C. 2307.382 or 3111.06, the trial court correctly dismissed the paternity action for want of jurisdiction over this person.

This decision does not prevent plaintiffs from bringing suit in an appropriate forum outside the state of Ohio.

Plaintiffs' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and BOWMAN, J., concur.