## Hostetler v. Kennedy
### [Cite as 7 AOA 337]

*Case No. 2539*
*Wayne County, (9th)*
*Decided September 5, 1990*

*Lon Vinion, 449 N. Market St., Wooster, Ohio 44691, for Plaintiff.*

*Charles A. Kennedy, 558 N. Market St., Wooster, Ohio 44691, for Defendant.*

CACIOPPO, J.

This is an appeal of the trial court's order approving a referee's report and recommendation granting a change of custody of minor children and an increase in the amount of child, support. We affirm.

In 1984, David Kennedy, defendant-appellant, and Gloria D. Hostetler, plaintiff-appellee, were divorced in Wyoming. Kennedy was awarded custody of the couple's three minor children in the original decree. In 1986, a Wyoming court modified the 1984 decree, placing the minor children under the joint custody of both parents. Later that year, Hostetler moved to Ohio with the children and Kennedy moved to South Dakota where he currently resides.

In 1988, Hostetler filed a motion pursuant to R.C. 3115.32 in the Wayne County Common Pleas Court to register the Wyoming decree and 1986 decree modification.

Kennedy was served by certified mail and notified of a hearing that was held on December 28, 1988. Kennedy did not appear at the hearing and he was not represented by counsel. The trial court registered and adopted all of the orders of the Wyoming court on January 5,

1989 and noted that there was an arrearage of over $1800 in past child support payments.

Hostetler, in March, 1989, filed a motion in the Wayne County Court to modify the custody and support order. She also sought an order citing Kennedy for contempt of court for failing to fulfill the terms of the Wyoming decree. Kennedy entered an appearance, through a motion to dismiss with a supporting affidavit, contesting the trial court's assertion of personal jurisdiction. On May 30, 1989, a hearing was held on both motions and the referee recommended that the motion to dismiss be overruled and a new hearing be scheduled for the custody and support modification motion.

Kennedy filed objections and the trial court remanded the case to the referee on July 13, 1989 for additional findings as to Kennedy's contacts with the State of Ohio to satisfy the "minimum contacts" rule.

The referee issued a second report and recommendation finding the requisite minimum contacts which was subsequently approved by the trial court on August 2, 1989.

Kennedy filed an appeal to this court on September 20, 1989, Wayne App. No. 2521, which was dismissed for the lack of a final appealable order.

The referee conducted another hearing in October, 1989, and issued a report recommending a change of custody to Hostetler, subject to visitation rights for Kennedy, an increase of child support payments to $200 per month per child plus poundage, and an additional $50 per month plus poundage on the support arrearage. Again, Kennedy filed his objections regarding the issue of personal jurisdiction which were overruled by the trial court in its order dated November 9, 1989.

Kennedy raises three assignments of error in this appeal.

### Assignments of Error

"I. The trial court erred by holding that it had personal jurisdiction over nonresident, defendant-appellant, in violation of due process clause of Fourteenth Amendment to the United States Constitution."

"II. The trial court erred by holding that Ohio's long-arm jurisdiction applied to defendant-appellant."

These assignments of error are interrelated and will be considered together.

Appellant Kennedy argues that there were insufficient minimum contacts with Ohio for the trial court to assert *in personam* jurisdiction over him. Kennedy further contends that the long-arm statutes and rules as found in Civ. R. 4.3 and R.C. 2307.382, which set forth the conditions for the exercise of personal jurisdiction, do not apply to him.

Decisions impinging on one's right to custody are *in personam* in nature. *Pasqualone v. Pasqualone* (1980), 63 Ohio St. 2d 96, 101. Due process requires that in order to subject a defendant to a judgment *in personam*, if he is not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional motions of fair play and substantial justice. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316. Although the contacts required to make a finding custody order may not need be as great as those required to order a payment, more contact is required than would be required in a divorce action. *Pasqualone, supra* at 103.

Any standard that requires a determination of reasonableness like the minimum contacts test is not susceptible of mechanical application, rather the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. *Kulko v. California Superior Court* (1978), 436 U.S. 84, 92.

R.C. 2307.382 supplemented by Civ. R. 4.3 provides that service of process perfected on a non-resident defendant constitutes constitutionally valid *in personam* service for a civil action within Ohio, even though the defendant is not a resident of Ohio, if the defendant has either caused tortious injury by an act or omission in this state as found in Civ. R. 4.3(A)(3); or lived in the marital relationship within this state, notwithstanding the subsequent departure from this state, if the other party to the marital relationship continues to reside in this state as found in Civ. R. 4.3(A) (8). Appellant contends that Civ. R. 4.3(A) (8) is the sole basis for jurisdiction for a support or custody modification order when the defendant is a non-resident.

Further, appellant asserts that since he never lived in Ohio at any time prior to the divorce in Wyoming, Civ. R. 4.3(A) (8) does not apply and therefore the exercise of *in personam* jurisdiction was improper. We disagree.

R.C. 3115.32 provides an obligee of a foreign support order a remedy to collect support payments which is commonly known as foreign registration. This statute requires the obligee seeking to register a foreign support order in a court of this state to:

"*** transmit to the clerk of the court: (1) three certified copies of the order with all modifications thereof, (2) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (3) a statement verified and signed by the obligee showing the post office address of the obligee, the last known place of residence and post office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents the clerk of the court without payment of a filing fee or other cost to the obligee, shall file them in the registry of foreign support orders. The filing constitutes registration under this section.

"***." R.C. 3115.32(E).

Following registration, the clerk must send a notice of the registration to the obligor. R.C. 3115.32(F). The prosecuting attorney is to diligently enforce the order. *Id.* Upon registration, the order is treated in the same manner as any support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner. R.C. 3115.32(G).

From this, we recognize that R.C. 3115.32 is an important remedy in collecting overdue support payments. As a support order, *in personam* jurisdiction over the defendant or obligor is necessary. See, *Pasqualone, supra.* We, however, disagree with the appellant that Civ. R. 4.3(A) (8) is the sole basis for a trial court's exercise of *in personam* jurisdiction. The failure to pay support may constitute a tortious act or omission in this state for the purpose of *in personam* jurisdiction. Civ. R. 4.3(A) (3); *accord, Upole v. Caldwell* (September 14, 1984), Wood App. No. WD-84-23, unreported.

Ohio's long-arm statute, with Civ. R. 4.3(A), has been interpreted to extend the jurisdiction of Ohio courts to the limits of the Due Process Clause of the Fourteenth Amendment. *In-Flight Devices Corp. v. Van Dusen Air, Inc.* (C.A. 6, 1972), 466 F. 2d 220, 224-25.

In, the instant case, the appellee filed a motion to register a Wyoming divorce decree with its subsequent modification in the Wayne County Court of Common Pleas pursuant to R.C. 3115.32. The record reflects that the appellant was notified of this action by certified mail. Without appearance or objection of the appellant, the trial court registered the Wyoming decree and adopted all of the orders of the Wyoming court. When the appellee sought a subsequent modification of these orders, the appellant appeared in the case solely to contest the court's lack of personal jurisdiction over him. The trial court reviewed the referee's report and remanded the matter for additional findings of the specific contacts the appellant had with the forum. The referee recognized three contacts for the extension of jurisdiction.

First, the referee's report noted that the rights and liabilities that accompany joint custody would follow along with the residence of the children. Second, the failure to object or appeal from the initial registration order after notification was a contact with Ohio. Third, the appellant paid the Wayne County Bureau of Support child support payments. When these factors are viewed together as contact with Ohio, along with the fact that the appellant had failed to pay a substantial amount of past due child support payments, the trial court did not err in finding the requisite amount of minimum contacts necessary for the exercise of *in personam* jurisdiction. We agree with other jurisdictions in this state that sending support payments though the mail to Ohio is a sufficient contact within the meaning of *International Shoe, supra.* See, *Yarnick v. Stegkamper* (March 6, 1985), Lawrence App. No. 1707, unreported.

A review of the record in this case reveals that the trial court did not err in finding the requisite minimum contacts sufficient for the exercise of personal jurisdiction over the defendant. The failure to pay past support arrearages constitutes a tortious act or omission in this state for the purpose of *in personam* jurisdiction. Kennedy was subject to the trial court's jurisdiction under Ohio's long-arm statute and Civ. R. 4.3. Therefore, appellant's first and second assignments of error are overruled.

### *Assignment of Error III*

"The trial court erred by taking judicial notice of the Bureau of Support records with respect to payment of child support."

Appellant relies on two cases, *Mahoney v. Mahoney* (1986), 34 Ohio App. 3d 9 and *Pruden-Wilgus v. Wilgus* (1988), 46 Ohio App. 3d 13 for the proposition that a trial court cannot take judicial notice of arrearages in child support payments without proper authentication. We would initially note that these cases differ factually in that the trial court in this case took

notice of arrearages in child support payments not alimony payments. However, the appellant has first raised this admission of records as error in this appeal.

In the instant case, the appellant made an appearance to contest the trial court's exercise of *in personam* jurisdiction. He could have defended on the merits while still asserting a lack of jurisdiction over his person without waiving that defense. See, *Ross v. Speigel, Inc.* (1977), 53 Ohio App. 2d 297, 305-306. The basic philosophy that a party must contest jurisdiction over his person at the earliest opportunity is not changed. However, there is now no requirement of a special appearance for the purpose of contesting jurisdiction over the person only. Browne, Ohio Civil Procedure (1987), 485, n 74. Appellant was provided with notice and an opportunity to defend against Hostetler's motion for a child support award modification and custody determination.

The trial court gave Kennedy an opportunity to challenge the admission of the Bureau of Support records. It was a tactical decision by the appellant to fail to appear and not challenge the admission of the support records by his physical absence from the hearing. When he failed to avail himself of the opportunity to challenge the alleged error in the admission of the support records and bring this objection to the trial court's attention, such a failure constitutes a waiver of that objection. *State v. Williams* (1977), 51 Ohio St. 2d 112; *State ex rel. Specht v. Bd. of Edn.* (1981), 66 Ohio St. 2d 178, 182. Therefore, appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

MAHONEY, J., concurs.

QUILLIN, P.J., concurs in judgment only.

Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, Section 6(C), Constitution.