WAYNE COUNTY BUREAU OF SUPPORT, Appellee,

v.

WOLFE, Appellant.

[Cite as *Wayne Cty. Bur. of Support v. Wolfe* (1991), 71 Ohio App.3d 765.]

Court of Appeals of Ohio,
Wayne County.

No. 2585.

Decided April 3, 1991.

---

*Karin C. Connolly*, Assistant Prosecuting Attorney, for appellee.
*Cherry M. Wolfe, pro se.*

REECE, Judge.

Cherry M. Wolfe appeals from the judgment of the Wayne County Court of Common Pleas, Juvenile Division, which set forth a child support obligation and an order withholding wages with respect to Wolfe's two minor daughters living in Wayne County, Ohio.

### Facts

An outline of the facts is a necessary predicate to our disposition. Ronald E. Pohl, Sr. and Cherry M. Wolfe married at West Covina, California in 1968. Over the next twelve years they produced four children: two boys and two girls. In 1982, Ronald and Cherry went their separate ways without benefit of legal process. Ronald took the two girls and eventually headed east to Wayne County, Ohio, in 1984, and Cherry remained in California with the

boys. Cherry returned to using her maiden name, Wolfe, in 1982. Cherry claims to have had no contact with her daughters since 1984.

On January 11, 1985, the Wayne County Probate Court issued a letter of guardianship appointing David Huffman and Cherryol Clarice Huffman as guardians to Rhonda, one of Ronald and Cherry's daughters. Cherryol Huffman is apparently Ronald's sister, and David is her husband. The Wayne County Bureau of Support's ("bureau") brief to this court contains in its appendix an undated "Waiver of Notice" form, purportedly signed by "Ronald E. Pohl" and "Cherry M. Pohl," consenting to this guardianship.

On April 6, 1988, the probate court issued a letter of guardianship appointing the Huffmans as guardians to the other daughter, Lisa. The bureau did not produce a consent or waiver form relating to this guardianship.

In 1990, the Huffmans began receiving Aid to Dependent Children ("ADC") benefits for Rhonda and Lisa, as paid through the bureau. The bureau then assumed the Huffmans' rights to pursue support under R.C. 5107.07. On April 13, 1990, the bureau, acting through the Wayne County Prosecuting Attorney, filed a complaint for support in the Juvenile Division of the Wayne County Court of Common Pleas pursuant to R.C. 2151.23(B)(4). R.C. 2151.-23(F)(2) authorizes the juvenile court to exercise its jurisdiction in child support matters in accord with R.C. 3109.05, which sets forth the factors to be considered by a court in setting a child support obligation. Under R.C. 2151.23(G), an order for support must be accompanied by an order pursuant to R.C. 3113.21(D) or (H), which generally includes wage withholding.

Cherry responded *pro se* by challenging the court's jurisdiction over her person. She also filed a responsive answer to the complaint denying any duty of support and any knowledge as to the Huffmans' guardianship over the girls.

On June 5, 1990, the juvenile court referee held a hearing upon the bureau's complaint. Cherry was neither present nor represented. The referee noted Cherry's jurisdictional challenge in his June 12, 1990 report and recommendation, but determined that "if in fact the children are within the jurisdiction of this court, then this court has the authority to issue support orders." The referee found that Cherry had income of $11,000 per year, imputed the same level to Ronald Pohl, although he was neither present nor named as a party defendant, and recommended support withholding at $115 per month per child. By order dated June 13, 1990, the trial court adopted the referee's report and recommendation and entered a simultaneous order for withholding pursuant to R.C. 3113.21(D)(1) at $234.60 per month.

Cherry timely perfected her *pro se* appeal to this court by notice dated July 9, 1990,[1] raising six assignments of error.

## Assignments of Error

"I. The Court of Common Pleas, Wayne County, Ohio had no jurisdiction over the appellant in this matter; the appellant was not within the State of Ohio; the appellant was outside the State and within the State of California, County of San Bernardino."

"III. The Court of Common Pleas, Wayne County, Ohio did not take into consideration that the father of the children, namely: Rhonda M. Pohl, born April 29, 1973 and Lisa I. Pohl, born January 22, 1980; Ronald E. Pohl Sr., was residing at 1535 Madison Hill, Wooster, Ohio 44691 (phone: 216–264–9350), well within the jurisdiction of the court."

"IV. The Court of Common Pleas, Wayne County, Ohio did not take into consideration that the father, Ronald E. Pohl, Sr., had physical custody and control of the mentioned children when he removed them from the State of California to the State of Ohio. This was by agreement between the father and the appellant."

"V. Appellant had no knowledge that her two children were made wards of the court and that guardianship was granted to Ralph [*sic*] & Cherryol Huffman on January 10, 1985 as to Rhonda M. Pohl, and on April 5, 1988 as to Lisa I. Pohl; and for the court's information, Cherryol Huffman is the sister of the father, Ronald E. Pohl, Sr.

"VI. The Court of Common Pleas, Wayne County, Ohio was nothing more than a 'Kanagree [*sic*] Court,' and with the assistance of the Assistant Prosecuting Attorney, disregarding or parodying the existing principles of law and for human rights. They reached out with a long arm, in the name of justice, attempting to snatch up appellant from another state, abusing its authority to levy against earnings of appellant without proper authority and well beyond its staturity [*sic*] authority to do so."

Each of the preceding errors assigned concerns the trial court's *in personam* jurisdiction over Cherry with regard to support for her minor children, and shall be considered simultaneously.

Cherry concedes that the trial court properly retained subject matter jurisdiction over the case, as the girls both reside in Ohio, and the bureau is providing funds for their support. She challenges the court's assertion of *in*

---

1. Cherry initially sought a stay of the support order pending appeal to this court. Her employer, however, has understandably refused to comply with the trial court's wage withholding order in its present form, and thus the judgment has not been executed.

*personam* jurisdiction, claiming that she is without the requisite minimum contacts with Ohio to place herself within the personal jurisdiction of the court. Although we disagree with the court's determination that the girls' mere residence in the county conferred personal jurisdiction over Cherry to the court, we nonetheless find that *in personam* jurisdiction was properly founded. See *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.

As a litigant, Cherry is guaranteed fundamental fairness and due process by the Fourteenth Amendment. *State ex rel. Stone v. Court* (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899; see *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 189, 546 N.E.2d 407, 408. Toward that end, a "state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 497.

The concept of "minimum contacts" is a well established United States constitutional requirement. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. As cited by the Ohio Supreme Court in *Connor, supra,* 46 Ohio St.3d at 190, 546 N.E.2d at 409, the United States Supreme Court recently explained the requirement:

" 'The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. ''The constitutional touch-stone'' of the determination of whether an exercise of personal jurisdiction comports with due process ''remains whether the defendant purposefully established 'minimum contacts' in the forum State.'' * * * Most recently we have reaffirmed * * * that minimum contacts must have a basis in ''some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'' * * *' (Citations omitted.) *Asahi Metal Industry Co. v. Superior Court* (1987), 480 U.S. 102, 108–109 [107 S.Ct. 1026, 1030, 94 L.Ed.2d 92, 102]."

The test for minimum contacts is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. *Kulko v. California Super. Ct.* (1978), 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, 141.

We must look to the Civil Rules and Ohio's long-arm jurisdiction statute, R.C. 2307.382(A), to determine whether those circumstances have been fulfilled. As this court has previously concluded, R.C. 2307.382 and Civ.R. 4.3 provide that service of process perfected on a nonresident defendant represents constitutionally valid *in personam* service for an Ohio civil action

where the defendant, although not a resident of Ohio, has caused tortious injury by act or omission in this state, under Civ.R. 4.3(A)(3). *Hostetler v. Kennedy* (1990), 69 Ohio App.3d 299, 590 N.E.2d 793. See, also, R.C. 2307.382(A)(3).

Ohio places a statutory burden of support for minor children upon their parents. See R.C. 2111.08 (husband and wife are the joint natural guardians of their minor children and are responsible for their care); R.C. 3103.03 (places burden of support absent divorce, dissolution or legal separation, on father and mother); R.C. 3109.03 (when a husband and wife are living apart, questions as to support for minor children are properly before a court of competent jurisdiction). In *Hostetler, supra,* at 303, 590 N.E.2d at 795, this court stated that "the failure to support may constitute a tortious act or omission in this state for the purpose of *in personam* jurisdiction[,]" citing *Upole v. Caldwell* (Sept. 14, 1984), Wood App. No. WD–84–23, unreported, 1984 WL 14372.

In *Upole, supra,* the trial court had dismissed a paternity action for lack of *in personam* jurisdiction over the putative father, a nonresident who claimed that the act of conception of the child occurred outside the state. In reversing the trial court and reinstating the complaint, the appellate court, finding itself presented with a case of first impression, determined that the long-arm jurisdiction of Civ.R. 4.3(A)(3) is not triggered by a putative father's participation in conception, but rather by his subsequent failure to pay the costs for necessary support of the child. *Upole, supra,* at 2, citing *Black v. Rasile* (1980), 113 Mich.App. 601, 602, 318 N.W.2d 475, 475. The *Upole* court determined that, pursuant to Civ.R. 4.3(A)(3), "[t]he refusal or failure to pay the necessary monetary support for one's dependent, minor children, an obligation recognized by and enforceable under the laws of this state, surely constitutes a tortious 'act or omission in this state.'" *Upole, supra,* at 2.

██ We are well aware of the limiting effect our Supreme Court's decision in *Stone, supra,* 14 Ohio St.3d at 33, 14 OBR at 334, 470 N.E.2d at 901, has on *Upole* with respect to *in personam* jurisdiction in paternity cases (tortious injury, *i.e.,* failure to support, is ancillary to the determination of a duty to support by reason of paternity). We are not, however, presented herein with a similar cart before the horse; Cherry fully concedes her maternity of the girls. What survives from *Upole, supra,* is that a failure to support one's minor children constitutes a tortious act or omission in Ohio conferring *in personam* jurisdiction under Civ.R. 4.3(A)(3). Accord *Hostetler, supra,* 69 Ohio App.3d at 302, 590 N.E.2d at 795; *Yarnick v. Stegkamper* (Mar. 6, 1985), Lawrence App. No. 1707, unreported, 1985 WL 6574. But, see, *Massey–*

*Norton v. Trammel* (1989), 61 Ohio App.3d 394, 572 N.E.2d 821; *Baker v. Baker* (Jan. 19, 1989), Franklin App. No. 88AP–361, unreported, 1989 WL 3753.

 Based upon the foregoing, we conclude that the trial court properly exercised *in personam* jurisdiction over Cherry by virtue of her tortious failure to support her two minor children residing in Wayne County, Ohio. The assignments of error are overruled.

### Assignment of Error II

"The Court of Common Pleas, Wayne County, Ohio had no jurisdiction to issue an order for withholding of personal earnings directed to appellant's employer, to-wit: Marcy Gymnasium Equipment Company, 1900 South Burgandy Road, Ontario, California 91761."

 As the bureau properly posits, Cherry is without standing to contest on behalf of her employer the order establishing wage withholding for support. Such action by an employer is contemplated by R.C. 3113.21. This assignment of error is without merit.

### Conclusion

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, J., concurs.

BAIRD, P.J., dissents.