GAISFORD, n.k.a. Laney, et al., Appellees,

v.

SWANSON, Appellant.

[Cite as *Gaisford v. Swanson* (1992), 83 Ohio App.3d 457.]

Court of Appeals of Ohio,
Paulding County.

No. 11–92–5.

Decided Nov. 5, 1992.

*Michael C. Jones,* for appellees.

*Glenn Troth,* for appellant.

---

THOMAS F. BRYANT, Judge.

This is an appeal from the default judgment entered by the Common Pleas Court of Paulding County, Juvenile Division, finding appellant, William Swanson, to be the father of appellee's child born in Houston, Texas and ordering payment of child support and appellee's expenses of pregnancy and for delivery of the child.

Appellant, currently a resident of the state of Tennessee, was served with summons and complaint in the Paulding County proceedings by certified mail, return receipt requested, while a resident of Oklahoma. Appellant moved to dismiss the action based on the fact that an identical action was pending in a Texas court. Appellant subsequently filed an amended motion to dismiss for lack of personal jurisdiction. The Texas action was apparently dismissed as the common pleas court found that the instant case was "the only present action as to the paternity of the child in question."

In its separate findings of fact and conclusions of law, the common pleas court framed the issue to be decided as " 'whether the Court may asset [*sic* ] personal jurisdiction over an individual who has never maintained any contacts nor derived any benefits from the State of Ohio * * *.' " The court decided that issue by finding that it had jurisdiction over appellant.

Following the court's decision as to jurisdiction, appellant's counsel withdrew and appellant apparently made no further appearance in the action. In due course, appellee, Kathy R. Gaisford, n.k.a. Laney, filed a motion for default judgment, which was granted by the trial court. Following a subsequent hearing, the court entered an order for child support and medical expenses.

Appellant now appeals, asserting one assignment of error:

"The trial court erred as a matter of law in asserting personal jurisdiction over appellant since appellant has had no contacts whatsoever with the state of Ohio sufficient to create personal jurisdiction."

The trial court found that conception occurred in Texas, that appellant moved from Texas to Oklahoma prior to commencement of this action and the Texas action, that appellee and the child live in Paulding County, Ohio, and that

appellee made no allegation that "the birth took place as a 'tortious act.'" The court further found that R.C. 3111.06 "clearly bestows jurisdiction on this Court in this case * * *" and that R.C. 2307.381 and 2307.382 do not apply to this case nor do those statutes "repeal or modify Sections 3111.01 through 3111.19 * * * [or] 2307.385." We disagree with the trial court's finding.

It is unclear what part of R.C. 3111.06 the trial court relied upon in holding that it had in personam jurisdiction over appellant. R.C. 3111.06(A) relates only to subject matter jurisdiction. R.C. 3111.06(B) provides that an Ohio court has in personam jurisdiction over an individual who has sexual intercourse in this state which intercourse results in conception. It is undisputed that the sexual intercourse between these parties which resulted in conception occurred in Texas. Accordingly, R.C. 3111.06 does not give the common pleas court the right to exercise jurisdiction over appellant's person.

We also disagree with the lower court's finding that R.C. 2307.381 and 2307.382 are not applicable to this case. R.C. 2307.382 is Ohio's long-arm statute, which allows the courts of this state to exercise personal jurisdiction over nonresident defendants if the requirements of the statute are met. R.C. 2307.381 is merely a definitional section.

It has long been settled that a court cannot exercise personal jurisdiction over a nonresident defendant unless that defendant has certain minimum contacts with the forum state so that requiring him or her to defend the action does not offend the "notions of fair play and substantial justice." *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102. The concept of minimum contacts protects a nonresident defendant from the burden of litigating in a distant forum. *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498.

The requirements of due process are pertinent in a paternity action. *State ex rel. Stone v. Court* (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899. The court in *Stone* held that in personam jurisdiction could not be exercised over a nonresident putative father where conception occurred in another state.

Long-arm jurisdiction may be asserted over a nonresident defendant only where one of the circumstances specified in R.C. 2307.382(A) or Civ.R. 4.3(A) has been fulfilled. *Massey–Norton v. Trammel* (1989), 61 Ohio App.3d 394, 572 N.E.2d 821. In *Massey–Norton,* a paternity action, the Court of Appeals for Franklin County held that no personal jurisdiction existed over the nonresident putative father even though he transported the mother to Ohio, where she gave birth, sent money to the mother in Ohio, sent cards and gifts to the mother and child, and made trips to Ohio to visit the child.

In the case *sub judice*, there is no evidence that appellant has ever been to Ohio. We find that requiring appellant to defend this action would not comport with the notions of fair play and substantial justice. Since appellant has not engaged in any conduct which falls within the parameters of R.C. 2307.381, Civ.R. 4.3(A) or R.C. 3111.06(B), the trial court erred in finding it had personal jurisdiction over appellant.

Accordingly, appellant's assignment of error is sustained.

The judgment of the Court of Common Pleas of Paulding County is reversed and the cause is remanded with instructions to dismiss this action against appellant.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.