**BIGLEY, Appellant,**

v.

**BIGLEY, Appellee.**

[Cite as *Bigley v. Bigley* (1993), 90 Ohio App.3d 310.]

Court of Appeals of Ohio,
Wayne County.

No. 2784.

Decided Sept. 15, 1993.

*Raymond E. Leisy,* Wayne County Assistant Prosecuting Attorney, for appellant.

*Lon Vinion,* for appellee.

---

Cook, Presiding Judge.

This cause comes before the court upon the appeal of plaintiff-appellant, Melanie C. Bigley, from the judgment of the Wayne County Court of Common Pleas vacating the registration of a foreign support order because the court did not have jurisdiction over the defendant-appellee, Russell E. Bigley. We affirm.

The parties were married in 1974 and lived in Ohio until 1977. Three children were born to the marriage. The parties dissolved their marriage in 1982 in the state of Florida. Appellant was awarded custody of the children, and appellee was ordered to pay child support in the amount of $300 per month. At all times relevant to this action, appellee was current on his child support payments.

After the dissolution, appellant and the children moved to Wayne County, Ohio, and appellee moved to Pennsylvania. Pursuant to R.C. 3115.32, appellant sought to register the foreign support order in Wayne County, as the order could then be treated in the same manner as any support order issued by a court of Ohio and would be subject to enforcement in this state. R.C. 3115.32(G); *Hostetler v. Kennedy* (1990), 69 Ohio App.3d 299, 303, 590 N.E.2d 793, 795.

Service of the motion for registration was completed. However, appellee did not appear at a hearing on the motion, which was held on June 11, 1991. The court granted the motion to register the foreign support order and also required appellee to file certain financial information with the court. Upon his failure to provide these documents, a motion for contempt was filed on November 4, 1991. Appellee did not appear at a hearing on the motion for contempt, and a warrant was issued for his arrest.

Following his arrest, appellee filed a motion to vacate the original order, which allowed registration of the foreign support order, on the grounds that the court lacked *in personam* jurisdiction. The motion to vacate was granted by the court on January 1, 1993.

It is from this order that Melanie Bigley appeals, asserting a single assignment of error:

"The trial court's finding that, absent a tortious injury, the court cannot assert long-arm jurisdiction was against the manifest weight of the evidence and contrary to law."

Appellant asserts that the trial court erred in finding that it lacked *in personam* jurisdiction over Russell Bigley.

■ In order to determine whether a court has personal jurisdiction over a nonresident defendant, two separate considerations must be examined. First, it must be determined that the person had sufficient minimum contacts with the state so that he should reasonably anticipate being haled into court in that forum. *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501. The trial court in this case found, and the parties seem to assume for purposes of this appeal, that the appellee had sufficient minimum contacts with the state in order for the court to assert personal jurisdiction.

However, the second consideration requires that, even if minimum contacts are found, long-arm jurisdiction over nonresident defendants exists only where one of the specified circumstances found in a statute or rule has been fulfilled. *Massey–Norton v. Trammel* (1989), 61 Ohio App.3d 394, 396, 572 N.E.2d 821, 822. That is, it must be shown that the state has elected to exercise its jurisdiction by including a given set of circumstances in the long-arm statutes of the state.

■ The statute and rule relevant to this appeal are R.C. 2307.382 and Civ.R. 4.3. Collectively, the statute and the rule specify ten circumstances where the state has elected to exercise personal jurisdiction over nonresident defendants. As none of these situations apply to the instant case, we find that the trial court was correct in vacating the original order for lack of personal jurisdiction.

Appellant relies upon *Wayne Cty. Bur. of Support v. Wolfe* (1991), 71 Ohio App.3d 765, 595 N.E.2d 421, and *Hostetler*, for the proposition that a nonresident parent is within the personal jurisdiction of the state courts of Ohio. In those cases, however, the nonresident parent was not current in paying support payments. Therefore, this court found that the parent had caused tortious injury by an act or omission in this state, and, pursuant to Civ.R. 4.3(A)(3) and R.C. 2307.382(A)(3), the long-arm statutes conferred personal jurisdiction on the courts.

In the instant case, however, appellee was current on all support payments. Therefore, no tortious injury was caused within the state, and the court had no personal jurisdiction over the appellee.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.