JUDGMENT: WRIT DENIED
{¶ 1} On August 16, 2006, relator ANS Connect filed a complaint for a writ of prohibition against Judges William Coyne and Jose Villanueva, as well as the Cuyahoga Court of Common Pleas. In its complaint, ANS seeks to prevent Judge Coyne from exercising personal jurisdiction over ANS inAlpha Communications v. ANS Connect, Cuyahoga County Court of Common Pleas, Case No. CV-05-574268; and Judge Villanueva from exercising personal jurisdiction over ANS in Epic Communications v. ANSConnect, Cuyahoga County Court of Common Pleas, Case No. CV-05-574267.
 {¶ 2} On September 14, 2006, respondents filed a motion to dismiss. Thereafter, on September 29, 2006, ANS submitted its response to respondents' motion. For the following reasons, we grant in part and deny in part respondents' motion to dismiss, and deny ANS' request for a writ of prohibition.
 {¶ 3} A review of the underlying docket reveals that ANS filed motions to dismiss in both matters claiming lack of personal jurisdiction. Judge Villanueva, on July 21, 2006, denied ANS' motion. However, Judge Coyne has not yet ruled on the motion to dismiss because he granted a stay pending the outcome of ANS' prohibition action.
 {¶ 4} Initially, we find that ANS' complaint for a writ of prohibition is defective because it is improperly captioned. A complaint for a writ of prohibition must be brought in the name of the state, on relation of the person applying. ANS' failure to properly caption the complaint warrants dismissal. Maloney v. Court of Common Pleas of Allen Cty.
(1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 5} We also find that ANS failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint be supported by an affidavit which specifies the details of the claim. Attaching an affidavit that merely avers that relator has "read the verified complaint for writ of prohibition and for an alternative writ, and, based upon personal knowledge, believe each of the factual allegations herein to be true," does not specify the details of the claim. State exrel. Pesci v. Jones (Mar. 16, 2000), Cuyahoga App. No. 77464; See, also,State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894. The failure to comply with the supporting affidavit provision of Loc.App.R. 45(B)(1)(a) further requires dismissal of the complaint for a writ of prohibition. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 6} Despite the aforesaid procedural defects, we find that ANS failed to demonstrate that it is entitled to a writ of prohibition. The principles governing prohibition are well established. In order to be entitled to a writ of prohibition, relators must establish that the respondent is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v.Junkin, 80 Ohio St.3d 335, 1997-Ohio-0202, 686 N.E.2d 267; State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641.
 {¶ 7} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision.State ex rel. Enyart v. O'Neill, 71 Ohio St.3d 655, 1994-Ohio-0594,646 N.E.2d 1110; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,548 N.E.2d 945.
 {¶ 8} However, the Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner, 74 Ohio St.3d 158, 1995-Ohio-278, 656 N.E.2d 1288, citing State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 28,1995-Ohio-148, 647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown,80 Ohio St.3d 408, 1997-Ohio-334, 686 N.E.2d 1126.
 {¶ 9} Similarly, the same standards are applied to issues of personal jurisdiction. Goldstein v. Christiansen, 70 Ohio St.3d 232,1994-Ohio-229, 638 N.E.2d 541. Absent a patent and unambiguous lack of jurisdiction, an appeal from a decision overruling a motion to dismiss based upon lack of personal jurisdiction will generally provide an adequate legal remedy which precludes extraordinary relief through the issuance of a writ of prohibition. Goldstein, supra; State ex rel.Ruessman v. Flanagan, 65 Ohio St.3d 464, 1992-Ohio-1312, 605 N.E.2d 31;State ex rel. Smith v. Avellone (1987), 31 Ohio St. 6, 508 N.E.2d 162.
 {¶ 10} We further note that a writ of prohibition will ordinarily not lie when based upon a claim of lack of personal jurisdiction. A writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction of the lower court." State ex rel. Jones v. Suster,84 Ohio St.3d 70, 73, 1997-Ohio-1231, 701 N.E.2d 1002, citing State ex rel.Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 409, 534 N.E.2d 46. Cases granting prohibition for lack of personal jurisdiction are extremely rare and occur only when the lack of personal jurisdiction is premised on a complete failure to comply with constitutional due process. Clark v. Conner, 82 Ohio St.3d 309, 1997-Ohio-1240,695 N.E.2d 751; See, also, Fraiberg v. Cuyahoga Cty. Court of Common Pleas,Domestic Relations Div. (1996), 76 Ohio St.3d 374, 667 N.E.2d 1189, distinguishing State ex rel. Connor, supra; and State ex rel. Stone v.Court (1984), 14 Ohio St.3d 32, 470 N.E.2d 899.
 {¶ 11} In this matter, we find that ANS failed to establish a patent and unambiguous lack of jurisdiction. There is no evidence in the form of an affidavit that would allow this court to determine that the lower court was patently and unambiguously without jurisdiction. In examining the lower court's ruling, it appears that an evidentiary hearing did not take place. Accordingly, Judge Villanueva was required to view all the pleadings and documentary evidence in the light most favorable to the non-moving party, and resolve all competing inferences in favor of the non-moving party. Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307,471 N.E.2d 165.
 {¶ 12} Based upon the information before us, we cannot find that Judge Villanueva's denial of the motion to dismiss was patently and unambiguously erroneous. "Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy." Goldstein, supra. Since ANS failed to establish a patent and unambiguous lack of jurisdiction, an appeal of Judge Villanueva's decision constitutes an adequate remedy at law which prevents this court from granting an extraordinary writ.
 {¶ 13} In the matter before Judge Coyne, the docket reflects that a hearing on the motion to dismiss was scheduled for September 18, 2006. However, the court stayed all proceedings pending the outcome of this matter. Thus, Judge Coyne has not been able to determine the matter before him. Generally, a writ of prohibition will not issue against a court having jurisdiction over the subject matter of an action pending before it to deprive such court of the authority vested in it by the laws of Ohio to determine its own jurisdiction as to specific issues raised therein. State ex rel. Smith, supra; State ex rel. Smith v.Court (1982), 70 Ohio St.2d 213, 436 N.E.2d 1005, syllabus; State exrel. Bd. of Cty. Commrs. v. Court of Common Pleas (1978),54 Ohio St.2d 354, 376 N.E.2d 1343. Again, since ANS failed to establish that the lower courts are patently and unambiguously without personal jurisdiction in the underlying matter, the motion to dismiss before Judge Coyne constitutes an adequate remedy at law which again prevents this court from granting a writ of prohibition. State ex rel.Smith, supra.
 {¶ 14} Lastly, we grant respondents' motion to dismiss the matter against the Cuyahoga County Court of Common Pleas because it is not a proper respondent. "Absent an express statutory authority, a court can neither sue or be sued in its own right." Malone v. Court of CommonPleas of Cuyahoga County, (1976), 45 Ohio St.2d 245, 248,344 N.E.2d 126, quoting State ex rel. Cleveland Municipal Court v. Cleveland CityCouncil (1973), 34 Ohio St.2d 120, 121, 296 N.E.2d 544.
 {¶ 15} Accordingly, we grant in part and deny in part respondents' motion to dismiss, and deny ANS' request for writ of prohibition. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
PATRICIA A. BLACKMON, JUDGE
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., CONCUR