871 So.2d 1201 (2004)
Jennifer K. BROWN
v.
Lawrence V. BUMB.
No. 2003-CA-1563.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 2004.
*1202 Jennifer Brown, Chalmette, LA, In Proper Person, Plaintiff/Appellee.
Jeffrey A. Jones, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS SR., Judge LEON A. CANNIZZARO JR.).
DENNIS R. BAGNERIS SR., Judge.
The plaintiff, Jennifer K. Brown, filed a petition for protective order on behalf of her two minor children against the defendant, Lawrence V. Bumb, the children's paternal grandfather. Bumb filed an exception of lack of personal jurisdiction contending that the court did not have personal jurisdiction over him since he resided in Texas. The trial court denied the exception, finding that the plaintiff established the defendant had sufficient minimum contacts with the State of Louisiana to satisfy the requirements of due process.
The trial court concluded that, under La. R.S. 13:3201, it could exercise personal jurisdiction over the defendant. The trial court stated in its reasons for judgment:
Defendant's visit to Louisiana and subsequent in person contact with Brittany Bumb, despite an order prohibiting contact between the two, is an act which caused injury or damage in this state. Defendant argues that the court cannot exercise jurisdiction over him since the alleged conduct occurred in the State of Texas. Even though the alleged molestation occurred in Texas, the cause of action complained of in this suit is based on attempts by the Defendant to contact the children in Louisiana. Defendant *1203 has admitted that he has made three trips to Louisiana in January, March and April of this year to visit his son and grandchildren. Defendant did come into the physical presence of Brittany Bumb during the March visit even though he is ordered not to have contact with her. Defendant has allegedly harassed the Plaintiff's children by sending letters to Louisiana via mail for the purpose of making contact with the children. Defendant has also made telephone calls to Louisiana to speak with the children. Furthermore, the Defendant has made physical visits to Louisiana and has been in the physical presence of Brittany Bumb in Louisiana.
The court can exercise specific jurisdiction over Defendant since the suit against Defendant arises out of or is related to his contacts with Louisiana. The requirement of meaningful minimum contacts is satisfied because Mr. Bumb has purposefully directed his activities at residents in Louisiana and the litigation results from alleged injuries arising out of or related to those activities. Therefore, there exist sufficient contacts with Louisiana to satisfy the requirement of minimum contacts.
The maintenance of the suit against Defendant in Louisiana does not offend traditional notions of fair play and substantial justice. The Defendant's harassing conduct and frequent visits with (sic) Louisiana are such that he should reasonably anticipate being haled into court in Louisiana. It is in this state's interest to protect the Plaintiff's children. Since the activities complained of by Plaintiff are directed at children in Louisiana, it is in the judicial system's interest for efficient resolution of controversies and the state's shared interest in furthering fundamental social policies to exercise jurisdiction over the Defendant.
The defendant appeals the judgment, assigning four errors: (1) the trial court erred in considering the affidavit of the petitioner, which was not introduced into evidence; (2) the trial court erred in finding that the defendant had been ordered not to have contact with his minor grandchildren and that he violated said order; (3) the trial court erred in finding that it had specific jurisdiction over the defendant; and (4) the trial court erred in finding that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.
The defendant contends that the trial court relied upon the plaintiff's affidavit in which she attested that the defendant repeatedly contacted the children by mail and telephone. The defendant argues that the trial court erred in relying upon the affidavit, as it was not introduced into evidence at the hearing. A review of the hearing transcript reveals that the affidavit was not introduced into evidence. However, there is nothing to suggest that the trial court relied upon the affidavit as the plaintiff testified at the hearing about the defendant's contacts with the children via mail and telephone calls.
The defendant also suggests that the trial court erred when it found that the defendant violated an order which mandated that he not contact his grandchildren. The defendant argues that he was never ordered, prior to the issuance of the temporary restraining order in the present suit, not to have contact with his grandchildren. The defendant is correct in this case. There is nothing in the record to indicate that the defendant was ordered not to contact his grandchildren. While plaintiff attests in her affidavit, which is in the record, that the Office of Child Services issued an order to her ex-husband, the father of the children, not to allow defendant contact with them, there is nothing *1204 in the record to support the statement. Further, it should be noted, that if such an order existed, it was directed to the children's father, not the defendant. However, plaintiff has not claimed that the simple violation of the order is what has injured her children. The injuries the children have incurred resulted from the continuing harassment from the defendant through letters and phone calls.
Lastly, the defendant contends that the trial court erred when it determined there were sufficient minimum contacts with the state of Louisiana to establish personal jurisdiction. Under La. R.S. 13:3201, the Louisiana long-arm statute, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States. The limits of the Louisiana longarm statute have become co-extensive with the limits of constitutional due process. Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188, 1192 (La.1987). Thus, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987).
The bedrock principle for personal jurisdiction over a nonresident defendant requires that the defendant "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). This fundamental test to satisfy constitutional due process requires that a court evaluate the quality and nature of the defendants' activities in the forum state to determine whether such contacts justify the state's exercise of its judicial power over the person. Id. at 319-21, 66 S.Ct. at 160.
The due process test enunciated in International Shoe has evolved into a twopart test, the first part being the "minimum contacts" prong, which is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The nonresident's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). This "purposeful availment" requirement ensures that the nonresident defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The second part of the due process test centers around the fairness of asserting jurisdiction over the defendant. Even when minimum contacts exist, the exercise of personal jurisdiction over a nonresident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316, 66 S.Ct. at 158.
When a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful minimum contacts is satisfied when the defendant has purposefully directed his activities at residents of the forum and the *1205 litigation results from alleged injuries arising out of or related to those activities. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991). When the cause of action, however, does not arise out of the defendant's purposeful contacts with the forum, due process requires that the defendant be engaged in continuous and systematic contact to support the exercise of general jurisdiction. A & L Energy, Inc. v. Pegasus Group, 00-3255 (La.6/29/01), 791 So.2d 1266, 1271. Contacts may be effected by mail and electronic communication, as well as physical presence. Hunter v. Meyers, 96-1075 (La. App. 1 Cir. 3/27/97), 691 So.2d 318, 323. The second prong of the analysis is the fairness of the assertion of jurisdiction. The defendant's conduct and connection with the forum state must be such that it should reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Once the plaintiff meets the burden of proving minimum contacts, a presumption of reasonableness of jurisdiction arises, and the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum. de Reyes. In determining this issue, the court must examine the defendant's burden in litigating in the forum state, the forum state's interest, the plaintiff's interest in convenient and effective relief, the judicial system's interest in efficient resolution of controversies, and the state's shared interest in furthering fundamental social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).
In the present case, the trial court correctly found that the defendant had sufficient minimum contacts with the state of Louisiana. The trial court noted that the cause of action complained of in this suit was based on attempts by the defendant to contact the children in Louisiana. The plaintiff has alleged that the defendant has harassed the children via mail and telephone calls. In addition, the defendant has admitted that he has made three trips to Louisiana in January, March and April of this year to visit his son and grandchildren. Thus, he has been in the physical presence of the children in Louisiana. Specific jurisdiction over the defendant is available as the suit against the defendant arises out of or is related to his contacts with Louisiana. As the trial court noted, "the requirement of meaningful minimum contacts is satisfied because Mr. Bumb has purposefully directed his activities at residents in Louisiana and the litigation results from alleged injuries arising out of or related to those activities."
Furthermore, the trial court was correct when it stated that "maintenance of the suit against Defendant in Louisiana does not offend traditional notions of fair play and substantial justice. The Defendant's harassing conduct and frequent visits with (sic) Louisiana are such that he should reasonably anticipate being haled into court in Louisiana." The defendant will not be inconvenienced by the litigation in the state as he has admitted that he regularly visits within the state. Most of the witnesses reside in the state of Louisiana, including the children's father and stepmother. Further, as the trial court noted, "it is in this state's interest to protect the Plaintiff's children. Since the activities complained of by Plaintiff are directed at children in Louisiana, it is in the judicial system's interest for efficient resolution of controversies and the state's shared interest in furthering fundamental *1206 social policies to exercise jurisdiction over the Defendant."
Accordingly, the trial court's judgment is affirmed.
AFFIRMED.