DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, James J. Semrad, appeals the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which issued a Civil Protection Order ("CPO") in favor of appellee, Michelle M. Haas and her minor daughter. Appellant is unrelated to appellee's minor daughter. For the following reasons, the judgment is affirmed. *Page 2 
 {¶ 2} The following facts were found by the magistrate to the trial court. The parties met in Florida while on vacation in April 2003. In June 2003, appellee moved to Florida to cohabitate with appellant. After their residence suffered hurricane damage, appellee moved back to Maumee, Ohio, with her minor daughter, while appellant remained in Florida. During the following two years, appellant would visit Maumee at least twice a month.
 {¶ 3} The parties were married in Florida in March 2005. During the summer of 2005, appellant came to Maumee and stayed with appellee for approximately one and a half months. He did the same for a period of two and a half weeks in December 2005. At the hearing, appellee described various acts of domestic violence occurring during these time periods. In March 2006, appellant telephoned appellee from Florida, swore at appellee, called her daughter derogatory names, and said that he "would get" them. Appellee reported that appellant said she "would never know where he would be and he would get her even after their divorce." Appellee testified to her belief that appellant has recently been coming to Ohio to follow her, due to descriptions given to her by appellant's friends about where she has been and who she was with.
 {¶ 4} The magistrate concluded that appellant's threats of violence, combined with his past acts of domestic violence, created competent, credible evidence that the telephone call in March 2006 placed appellee "in fear of imminent serious physical harm for herself and her daughter." *Page 3 
 {¶ 5} In both his motion to dismiss the petition and in his objections to the magistrate's decision, appellant asserted a lack of personal jurisdiction. In overruling the objection and adopting the magistrate's decision, the trial court held that appellant's repeated visits to appellee in Ohio were sufficient to establish jurisdiction over appellant.
 {¶ 6} While appellant does not label his assigned error as such as is required pursuant to App.R. 16(A)(3), he sets forth one argument on appeal:
 {¶ 7} "The trial court erred in finding that it had personal jurisdiction over appellant."
 {¶ 8} The decision to grant a civil protection order lies within the sound discretion of the trial court and should not be reversed absent an abuse of that discretion. Deacon v. Landers (1990), 68 Ohio App.3d 26;Walton v. Walton, 6th Dist. No. WD-04-019, 2004-Ohio-7151. However, a determination of whether personal jurisdiction exists is a question of law which we review de novo. Wiltberger v. Davis (1996),110 Ohio App.3d 46, 51-52. "Where the defense of lack of personal jurisdiction is asserted in a motion to dismiss, `the plaintiff has the burden on the motion to establish the court's jurisdiction.' Jurko v. Jobs EuropeAgency (1975), 43 Ohio App.2d 79, 85." Sessoms v. Goliver, 6th Dist. No. L-04-1159, 2004-Ohio-7077, ¶ 22, quoting Jurko v. Jobs EuropeAgency (1975), 43 Ohio App.2d 79, 85.
 {¶ 9} Proceedings brought pursuant to R.C. 3113.31 are civil in nature, and proceed according to the Ohio Rules of Civil Procedure.Felton v. Felton (1997), 79 Ohio St.3d 34, 37. "When granting an order, the trial court must find that petitioner has *Page 4 
shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Id. at paragraph two of the syllabus. R.C. 3113.31(A)(1) defines domestic violence as "the occurrence of one or more of the following acts against a family or household member:
 {¶ 10} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 11} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code; * * *."
 {¶ 12} As the magistrate correctly held, threats of violence constitute domestic violence for the purposes of R.C. 3113.31(A)(1)(b) if the fear resulting from the threat is reasonable. Eichenberger v.Eichenberger (1992), 82 Ohio App.3d 809, 815. A court may determine the reasonableness of the petitioner's fear by reference to the parties' history and past acts of domestic violence. Kiedrowicz v.Kiedrowicz (Apr. 9, 1999), 6th Dist. No. H-98-049; Conkle v. Wolfe
(1998), 131 Ohio App.3d 375, 383.
 {¶ 13} Appellant only argues that the trial court lacked personal jurisdiction over him pursuant to Civ.R. 4.3 and R.C. 2307.382, Ohio's long arm-statute. The long-arm provisions of both the statute and the civil rule "are consistent with and in fact complement each other."U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods,Inc. (1994), 68 Ohio St.3d 181, 184. To the extent that the civil rule and the statute conflict, the civil rule controls. Fraiberg v. CuyahogaCty. Court of Common Pleas (1996), 76 Ohio St.3d 374, 376-377. Before a court may exercise jurisdiction over *Page 5 
the person of an out-of-state defendant, it must find (1) that a provision of Civ.R. 4.3 extends to the defendant, and (2) that application of the rule would not offend the notions of "fair play and substantial justice" contained in the Due Process Clause of theFourteenth Amendment to the United States Constitution.International Shoe Co. v. Washington (1945), 326 U.S. 310, 316.
 {¶ 14} While the magistrate found that appellant's March 2006 telephone call from Florida to appellee in Ohio supported the issuance of the CPO, the trial court's decision found that appellant's visits to Ohio constituted sufficient minimum contacts to justify the exercise of jurisdiction over appellant. We conclude that while both would separately be insufficient, both circumstances are jointly sufficient to confer personal jurisdiction over appellant in these proceedings.
 {¶ 15} First, appellant is correct insofar as these circumstances do not fall within the purview of Civ.R. 4.3(8), which allows service of process on out-of-state defendants when the subject of the claim arose from the defendant's "[l]iving in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state." Although it is debatable whether appellant "lived" in the marital relationship in Ohio during his visits to appellee, this cause of action does not arise from one of the enumerated obligations.
 {¶ 16} However, the unrebutted allegations of domestic violence which occurred during those visits, combined with appellant's threatening telephone call, fall within the *Page 6 
purview of Civ.R. 4.3(A)(9). That section provides for service of process on an out-of-state defendant who "has caused an event to occur out of which the claim that is the subject of the complaint arose" from the defendant's "Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state." Appellant's action — telephoning appellee in Ohio and threatening to return to inflict harm after having established a history of violent acts-was tortious in nature, was committed by an act outside of Ohio, and should have led appellant to expect that appellee would be threatened.
 {¶ 17} To reiterate, proceedings brought pursuant to R.C. 3113.31 are civil in nature. While R.C. 3113.31(A)(1)(b) defines domestic violence by reference to conduct constituting the criminal offenses of R.C.2903.211 (menacing by stalking) or R.C. 2911.211 (aggravated trespass), the acts may also fall within Civ.R. 4.3(A)(9)'s "tortious" conduct category. Analogously, courts have found the failure of an out-of-state parent to pay child support to constitute tortious conduct within the purview of Civ.R. 4.3(A)(3). Wayne Cty Bur. of Support v. Wolfe (1991),71 Ohio App.3d 765; Bigley v. Bigley (1993), 90 Ohio App.3d 310. Other states have exercised personal jurisdiction in civil protection actions when the out-of-state defendant's only contact with the petitioner is threatening telephone calls or letters. McNair v. McNair (2004), 151 N.H. 343; Brown v. Bumb (La.App.2004), 871 So.2d 1201. But see,Becker v. Johnson (Fla.App.2006), 937 So.2d 1128 (voice and text messages left on wife's phone insufficient contact for *Page 7 
protective order where ex-husband did not purposefully establish contact with the state because he did not know wife was present in state when messages were sent.)
 {¶ 18} Although appellant argues that his physical contacts with Ohio are insufficient for jurisdiction, he fails to address the magistrate's conclusion that the telephone call to appellee in March 2006 was a contact directed to Ohio which placed appellee in fear of harm. A defendant's physical presence in the forum state is unnecessary when, in modern life, a substantial amount of interactions occur via telephone and electronic communications. "So long as [an act is] `purposely directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Ricker v. Fraza/Forklifts of Detroit
(2005), 160 Ohio App.3d 634, 641, quoting Burger King Corp. v.Rudzewicz (1985), 471 U.S. 462, 476. It is true that a single contact with the forum state may, alone, be an insufficient basis for jurisdiction in a divorce action. Cornelius v. Cornelius (Nov. 5, 1999), 2d Dist. No. 99CA1494. However, in the context of civil protection orders and the facts of this matter, the relationship between the parties and Ohio weigh heavily in favor of the exercise of specific jurisdiction over appellant. Kulko v. Superior Court of California
(1978), 436 U.S. 84, 92.
 {¶ 19} Next, we consider whether application of this rule to appellant offends due process. "It is well-established that `* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit *Page 8 
does not offend "traditional notions of fair play and substantial justice." ` International Shoe Co. v. Washington (1945), 326 U.S. 310,316. Ordinarily, this requires that a party `purposefully * * * [avail] itself of the privilege of conducting activities within the forum State * * *.' Hanson v. Denckla (1958), 357 U.S. 235, 253. In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation * * *.' Shaffer v. Heitner
(1977), 433 U.S. 186, 204." Anilas, Inc. v. Kern (1987),31 Ohio St.3d 163, 164. Sufficient minimum contacts between the out-of-state defendant and the forum state exist when the defendant should reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v.Woodson (1980), 444 U.S. 286, 297. The test for minimum contacts may not be applied mechanically; rather, the facts of each case must be weighed to determine whether sufficient affiliating circumstances are present.Kulko v. Superior Court of California, supra.
 {¶ 20} The "purposeful availment" requirement of Hanson v.Denckla, supra, exists to "ensure that a defendant will not be haled into another jurisdiction solely as a result of random, fortuitous or attenuated contacts * * *." Klusty v. Taco Bell Corp. (S.D.Ohio, 1993),909 F.Supp. 516, 519, citing Conti v. Pneumatic Products Corp. (C.A.6, 1992), 977 F.2d 978, 982. Here, appellee's petition arose out of appellant's purposeful action of telephoning appellee to threaten her; in order to contact appellee, appellant had to purposefully direct his communication into Ohio. As alleged in the petition, the threatening telephone call, when viewed in the context of allegations of prior domestic violence in Ohio, was a threat of force which placed appellee in fear of harm. *Page 9 
Therefore, in this context, the telephone call constitutes a sufficient minimum contact pursuant to International Shoe, supra.
 {¶ 21} Neither does the exercise of jurisdiction offend traditional notions of fairness. Appellee alleged appellant followed a course of conduct which led her to reasonably fear further acts of domestic violence perpetrated in Ohio. It should be foreseeable to one who places a threatening phone call into a jurisdiction that he may be haled into the state to answer a petition seeking protection against him. Ohio has a strong interest in providing a forum for its residents to redress injuries they suffer here, which includes injuries suffered as a result of domestic violence. Ohio's interest in protecting its citizens from prospective harm was demonstrated through the enactment of the civil protection order mechanism. Felton v. Felton, 79 Ohio St.3d at 37. While the burden on an out-of-state defendant who is forced to defend in Ohio is not insignificant, the interest in providing protection through local forums against defendants who purposefully direct threatening communications into Ohio outweighs appellant's burden in this instance.
 {¶ 22} For the foregoing reasons, appellant's argument is found not well-taken, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1