[Cite as *Clinage v. Smith*, 2017-Ohio-1393.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Araya Clinage

      Appellee

v.

Joshua Smith

      Appellant

Court of Appeals No. L-16-1192

Trial Court No. DV 2015-0797

**DECISION AND JUDGMENT**

Decided:  April 14, 2017

* * * * *

Stephen M. Szuch, for appellee.

Rick L. Ferrara, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an accelerated case in which appellant, Joshua Smith, appeals a civil protection order issued by the Lucas County Court of Common Pleas, Domestic Relations Division.  For the reasons that follow, we affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

I. THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT A PROTECTIVE ORDER, BECAUSE NEITHER COMPETENT NOR CREDIBLE EVIDENCE SUPPORTED A FINDING OF PRESENT FEAR OF FUTURE HARM OR PAST DOMESTIC VIOLENCE.

**Facts**

{¶ 3} On December 17, 2015, appellee, Araya Clinage, filed a petition for a domestic violation civil protection order pursuant to R.C. 3113.31. Following an ex parte hearing before the magistrate, the court issued a temporary protection order and set a full hearing on the petition for March 16, 2016. Respondent did not testify at the hearing and the findings are undisputed.

{¶ 4} Petitioner and respondent met in high school in 2010. Respondent enrolled at the University of Toledo and petitioner moved to Toledo and began residing with respondent.

{¶ 5} During their relationship, respondent was controlling about where she was and who she was with. There was additional tension because respondent was moving to Maryland after he graduated and petitioner was not sure she would be moving.

{¶ 6} On December 7, 2015, respondent was unhappy with petitioner because she was out with a male co-worker. An argument ensued when she arrived home, and

2.

respondent told her to leave. Respondent cornered petitioner until she surrendered the key to their residence. Petitioner left and did not return that night.

{¶ 7} On December 8, 2015, petitioner feared for her safety and returned to the residence to retrieve personal belongings with a police escort. Respondent had texted her that she needed to retrieve her belongings or risk losing them. Respondent's threat occurred despite petitioner paying a fair portion of rent at the residence. The police requested respondent return the key to petitioner. Petitioner did not retrieve all of her belongings that day.

{¶ 8} The next day petitioner returned to retrieve more property. Petitioner and respondent continued to communicate by text, and petitioner spent the night at the residence despite the tension.

{¶ 9} On December 14, 2015, the petitioner was at the residence to speak to respondent regarding a series of text messages sent to petitioner's boss by respondent after respondent received a suicidal text from petitioner. During the conversation, respondent approached petitioner as if he was going to hug her, however, he slapped her across the face and shoved her out of their room.

{¶ 10} Since that incident, respondent graduated from college and moved to Maryland and petitioner has moved to Ashland, Ohio. There were no incidents reported following the ex parte order.

{¶ 11} Based on the findings, the magistrate held that "the Petitioner has been the victim of domestic violence by Respondent when he slapped her." The judgment entry

3.

stated that the petitioner was in danger of or had been a victim of domestic violence as defined under R.C. 3113.31(A), committed by respondent.

{¶ 12} Appellant objected to the magistrate's decision, arguing that a slap alone does not constitute domestic violence sufficient for the court to grant the protection order. On August 3, 2016, the trial court overruled the objection and affirmed the magistrate's decision. In the judgment entry, the trial court stated:

> The Court finds Petitioner presented credible evidence which caused her and could cause a reasonable person to feel threatened with imminent serious physical harm and conclude that the preponderance of the evidence showed that Respondent attempted to cause or recklessly cause her physical harm. Petitioner's fears were reasonable under the totality of the circumstances of the case.
>
> The Respondent's shoving, grabbing and specifically, the slap to Petitioner's face was an attempt to cause bodily injury and, thus, constituted acts of domestic violence. Consequently, the Court finds Respondent has displayed a pattern of conduct of physical violence against Petitioner.
>
> Respondent further argues that he has moved out of state, 500 miles away and this should preclude the issuance of a civil protection order. The Court finds that "the fact a respondent moves across the nearby state border at some point after a physical incident does not weigh against a protection

4.

order." *Zawrotuk v. Zawrotuk*, 7th Dist. Mahoning No. 14 MA 13, 2014-Ohio-5225, ¶ 30.

{¶ 13} The trial court then ordered, based on finding good cause, that the protection order be sustained until January 2, 2017. Appellant now appeals from the August 3, 2016 judgment.

## Law and Analysis

{¶ 14} In his assigned error, appellant argues there is no competent, credible evidence to support the protection order because appellee was never in danger of domestic violence.

{¶ 15} Appellee contends no error occurred because there is ample evidence on record to support that she was the victim of a pattern of domestic violence and, therefore, had reasonable grounds to believe she was still in danger the day she filed the petition.

{¶ 16} Weight of the evidence concerns "the inclination of the greater amount of credible evidence" supporting one side over the other. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, 17, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). "Weight is not a question of mathematics, but depends on its effect in inducing belief." *Eastley* at ¶ 12. A reversal on weight of the evidence is ordered only in exceptional circumstances. *See Thompkins* at 387.

{¶ 17} Pursuant to R.C. 3113.31, one who is the subject of domestic violence may petition a domestic relations court or a common pleas court for a protection order. *See*

5.

*Parrish v. Parrish*, 95 Ohio St.3d 1201, 1204, 765 N.E.2d 359 (2002); *Haas v. Semrad*, 6th Dist. Lucas No. L-06-1294, 2007-Ohio-2828, ¶ 9.

{¶ 18} For purposes of the statute, "domestic violence" occurs when "one attempts to cause, or recklessly causes, bodily injury to a family or household member or places such person in fear of imminent serious physical harm by threat of force." *See* R.C. 3113.31(A)(1)(a), (b). Further, a victim is subject to domestic violence if the offender engages in a pattern of conduct that the actor knows will cause the family or household member to believe that the actor will cause physical harm or mental distress to such person. *See* R.C. 3113.31; 2903.211.

{¶ 19} Immediate and present danger of domestic violence to the family or household member constitutes good cause for purposes of R.C. 3113.31. Immediate and present danger includes, but is not limited to, situations in which the respondent has threatened the family or household member with bodily harm. *See* R.C. 3113.31(D)(1). A person seeking a civil protection order must demonstrate by a preponderance of the evidence that they are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus.

{¶ 20} In *Thom v. Mulvin*, 6th Dist. Erie No. E-08-073, 2009-Ohio-3797, we affirmed the trial court's issuance of a protection order because the petitioner was found to be in imminent fear when the order was filed. Additionally, we found that "there was competent and credible evidence to establish a pattern of conduct that caused an

6.

imminent fear of physical harm and/or evidence to establish that appellant caused appellee mental distress." *Id*. at ¶ 10.

{¶ 21} The victim-petitioner in *Thom* had been cohabitating with the respondent for five years. Petitioner testified about past incidences during the five years in which she was the victim of domestic violence. Specifically, she testified that she had been abused in May 2006, when respondent picked her up and threw her against the wall and against a cedar chest. She also testified regarding a January 2007 incident, where respondent threw her on a gravel driveway, from which she sustained injuries.

{¶ 22} The petitioner in *Thom* also testified that on the day she filed for civil protection, she argued with appellant and was in fear for her safety. She stated that because of the prior incidences of domestic violence and because of their argument and her plan to end their relationship, she was afraid respondent would cause her serious imminent harm. In light of the pattern of conduct established by her testimony, we found the victim-petitioner's imminent fear of physical harm, on the day she filed the petition, was genuine and warranted relief.

{¶ 23} Consistent with *Thom*, we find that petitioner's fear in this case was genuine and protection was warranted. In specific, the order was filed on December 17, 2015, and petitioner testified that on December 14, 2015, an incident occurred in which she was slapped in the face by respondent. This slap and a general fear of respondent, because he was bigger, stronger and could hit hard, were the stated impetus for seeking the order.

7.

**{¶ 24}** Furthermore, petitioner testified to two separate instances in the past where respondent got physical and put her in fear. The first was in spring 2011, and petitioner stated that respondent shoved her with both hands as they argued. The second happened in April 2015, and petitioner stated that respondent grabbed her hand and "nearly broke it." Based on these two instances, and the December 14, 2015 slap, we find there is reasonable basis for petitioner to have been in fear for her safety on December 17, 2015, and thereafter. Thus, the trial court's judgment was not against the manifest weight of the evidence, and we find appellant's assignment of error not well-taken.

## Conclusion

**{¶ 25}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE